■ Roger Wootton, Appellant, v Board of Trustees of Locust Valley Library et al., Respondents, et al., Defendant. [776 NYS2d 850]—

In an action, inter alia, to recover damages for tortious interference with contractual relations, the plaintiff appeals from an order of the Supreme Court, Nassau County (Phelan, J.), entered March 12, 2003, which granted the motion of the defendants Board of Trustees of the Locust Valley Library and Gioia Bales, individually and as the President of the Board of Trustees of the Locust Valley Library, which was for summary judgment dismissing the complaint insofar as asserted against them and denied his cross motion for summary judgment insofar as asserted against those defendants.

Ordered that the order is affirmed, with costs.

Contrary to the plaintiff's contentions, the Supreme Court properly granted the motion of the defendants Board of Trustees of the Locust Valley Library (hereinafter the Board) and its president Gioia Bales for summary judgment dismissing the complaint insofar as asserted against them. The Board's contract with the defendant Tennis Club at Locust Valley, Inc. (hereinafter the Tennis Club), granted the Tennis Club a license to use the four clay tennis courts on the library property for the 2002 season for a fee of $1,000. Pursuant thereto, the Tennis Club was prohibited from assigning its rights under the license without the prior written consent of the Board under penalty of termination. Notwithstanding this prohibition, for a "rental" fee of $1,600, the Tennis Club assigned some of its rights under the license to the plaintiff, to use a specified number of courts at specified times to conduct tennis instruction for his paying customers, subject to a setoff for any new members he might bring into the Tennis Club. This assignment constituted a clear breach of the license granted by the Board to the Tennis Club. Thus, the Board was authorized to terminate its license with the Tennis Club, simultaneously preventing the plaintiff from using the courts for his program of tennis instruction. In opposition to the Board's prima facie showing of entitlement to summary judgment, the plaintiff failed to demonstrate the existence of a triable issue of fact.

The plaintiff's remaining contentions are without merit. Smith, J.P., H. Miller, S. Miller and Luciano, JJ., concur.